Filed 6/14/23  P. v. Melendez CA3

NOT TO BE PUBLISHED

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Lassen)

----

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>DAVID MELENDEZ,<br><br>Defendant and Appellant. | C097685<br><br>(Super. Ct. No. 2006CR0021650, CH023948) |

Defendant David Melendez appeals from a postconviction order denying his petition for resentencing under former Penal Code section 1171.1 (now section 1172.75).[1]  Appointed counsel for defendant asked this court to independently review the

---

[1] Further undesignated statutory references are to the Penal Code.  Effective June 30, 2022, the Legislature renumbered section 1171.1 to section 1172.75 without substantive change.  (Stats. 2022, ch. 58, § 12.)  Throughout this opinion we cite to section 1172.75 for ease of reference.

1

record pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) to determine whether there are any arguable issues on appeal, and defendant has filed a supplemental brief raising various issues. We have considered defendant's arguments and will affirm the trial court's order. (See, e.g., *People v. Delgadillo* (2022) 14 Cal.5th 216, 231-232 (*Delgadillo*).)

## I. BACKGROUND

In 2007, defendant pled guilty to attempted second degree murder and admitted a prior strike conviction in exchange for the low term of five years in state prison, doubled to 10 years for the strike prior, and dismissal of the remaining charges. The court sentenced defendant to the stipulated term.

In September 2022, defendant filed a section 1172.75 petition to vacate enhancements imposed under section 667.5 and Health and Safety Code section 11370.2. Based on section 1172.75, defendant argued the enhancements were no longer valid, and he requested recall and resentencing.

The trial court denied defendant's petition at a hearing in November 2022, finding that defendant's sentence did not include either enhancement. Defendant appealed.

## II. DISCUSSION

Defendant's appointed counsel has asked this court to conduct an independent review of the record to determine whether there are any arguable issues on appeal. (*Wende, supra*, 25 Cal.3d 436.) Defendant was advised by counsel of his right to file a supplemental brief within 30 days from the date the opening brief was filed. Defendant filed a supplemental brief.

In *Wende*, our Supreme Court held that "Courts of Appeal must conduct a review of the entire record whenever appointed counsel submits a brief on direct appeal which raises no specific issues or describes the appeal as frivolous." (*Delgadillo, supra*, 14 Cal.5th at p. 221.) The *Wende* procedure applies "to the first appeal as of right and is

compelled by the constitutional right to counsel under the Fourteenth Amendment of the United States Constitution." (*Ibid.*)

In *Delgadillo*, our Supreme Court considered whether the *Wende* process applies to a trial court's order denying a petition for postconviction relief under section 1172.6 and concluded such procedures are not required. (*Delgadillo, supra*, 14 Cal.5th at pp. 221-222.) The Supreme Court laid out applicable procedures for such cases, saying, where a defendant has filed a supplemental brief, "the Court of Appeal is required to evaluate the specific arguments presented in that brief and to issue a written opinion," but the filing of a supplemental brief alone does not compel the court to independently review the entire record to identify unraised issues, although it may exercise its discretion to do so. (*Id*. at p. 232.)

While *Delgadillo* addressed the application of *Wende*'s review procedures in the specific context of a postconviction relief order under section 1172.6 (*Delgadillo, supra*, 14 Cal.5th at p. 231, fn. 5 ["[i]n this case, we are not deciding *Wende*'s application to other postconviction contexts, which may present different considerations"]), which is not the type of postconviction order at issue here, the same principles may nonetheless apply given that this does not appear to be a first appeal as of right. Following *Delgadillo*'s guidance, we shall consider the arguments defendant raises in his supplemental brief.

Defendant contends that the California Department of Corrections and Rehabilitation (CDCR) failed to comply with the deadlines set forth in section 1172.75 to recall and resentence inmates who have completed their base term and are currently serving a sentence for an affected enhancement. He asserts he has already served the base terms for his 2004 and 2007 attempted murder convictions, and, thus, his sentence is now legally invalid and unauthorized, which he may challenge at any time. Defendant's reliance on section 1172.75 is misplaced.

Section 1172.75, subdivision (a) states that "[a]ny sentence enhancement that was imposed prior to January 1, 2020, pursuant to subdivision (b) of [s]ection 667.5, except for any enhancement imposed for a prior conviction for a sexually violent offense . . . is legally invalid."[2]  The statute provides various deadlines for CDCR to identify, and for courts to recall and resentence, those inmates who have a qualifying enhancement that is no longer valid.  (§ 1172.75, subds. (b), (c).)

The problem with defendant's argument, as the trial court properly noted, is that defendant's sentence in this case does *not* include a section 667.5, subdivision (b) enhancement.  Defendant stipulated to the low term of five years for the attempted murder conviction, which was doubled due to his prior strike.  Thus, the procedures set forth in section 1172.75 regarding invalid prior prison term enhancements simply do not apply to defendant, and the trial court did not err in denying defendant's petition on that basis.  Nothing in the record shows defendant's sentence is otherwise unauthorized.

---

[2]  Prior to January 1, 2020, section 667.5 subdivision (b) required trial courts to impose a one-year sentence enhancement for each true finding on an allegation the defendant had served a separate prior prison term and had not remained free of custody for at least five years.  (§ 667.5, former subd. (b).)  Effective January 1, 2020, the statute was amended to limit its prior prison term enhancement to only prior prison terms for sexually violent offenses as defined in Welfare and Institutions Code section 6600.  (*People v. Jennings* (2019) 42 Cal.App.5th 664, 681.)

## III.  DISPOSITION

The trial court's order denying defendant's section 1172.75 petition for resentencing is affirmed.

/S/

RENNER, J.

We concur:

/S/

DUARTE, Acting P. J.

/S/

HORST, J.*

---

* Judge of the Placer County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

5